# IN THE CLARK COUNTY MUNICIPAL COURT

FILED
13 JUL -3 AM 11:43
GUY A FERGUSON, CLERK
MUNICIPAL COURT

BY __Cp__ DEPUTY

Jason Thomas
4988 Troy Rd
Springfield, Ohio 45502
*Plaintiff*

Case No: 13CVF01806

-*VS*-

Integrity Financial Partners Inc.
Registered Agent,
CSC Lawyers Incorporating Service
50 W Broad St Suite 1800
Columbus, Ohio 43215

Judge:_____

## INTRODUCTION

Now comes the Plaintiff Jason Thomas and sets forth his action for damages against the Defendant Integrity Financial Partners Inc., for violations of Ohio's Consumers Sales Practices Act, Ohio Revised Code 1345.02*etseq*, the Fair Debt Collections Practices Act 15 U.S.C. 1692*etseq*, Telephone Consumer Protection Act 47 U.S.C. 227*etseq*.

## JURISDICTION

This Court gains subject matter jurisdiction over all state law claims pursuant to the Ohio Consumer Sales Practices Act, (OCSPA), 1345.01*etseq*. In addition the Court gains subject matter jurisdiction over Fair Debt Collection Practices Act (FDCPA), claims pursuant to 15 U.S.C. 1692k(d), and the Telephone Consumer Protection Act (TCPA) claims pursuant to 47 U.S.C. § 227b(3), and the common law tort of invasion of privacy.

The Court gains personal jurisdiction over the parties as the Plaintiff Jason Thomas is a resident of the State of Ohio and at all relevant times has been a resident of Clark County. The Court gains personal jurisdiction over the Defendant pursuant to their contacts with the Plaintiff.

## FACTS COMMON TO ALL CLAIMS

1. The Plaintiff Jason Thomas is a natural born person who incurs consumer debt, and owes or allegedly owes a debt. Therefore Plaintiff falls within the definition of a "consumer" as

defined by the Fair Debt Collection Practices Act, and the Ohio Consumer Sales Practices Act.

2. The Defendant Integrity Financial Partners Inc. regularly attempts to collect debts owed or due, or asserted to be owed or due another. In addition the defendant regularly uses the mails and telephone communications to attempt to collect debts, and as such is within the definitions of a "Supplier" as defined by the Ohio Consumer Sales Practices Act, and a "debt collector" subject to the FDCPA.

## COUNT ONE
### Fair Debt Collection Practices act Violations

3. The Plaintiff reincorporates the above statements as fully rewritten below.
4. On August 21st 2012 entered into a settlement agreement with the Plaintiff regarding a US Bank account placed with their agency. Subsequently in September of 2012 for Experian, October of 2012, and finally June of 2013 on Equifax. US Bank made significant reporting changes to the Plaintiffs credit reports regarding this particular account. These changes on contrary to the written settlement in full agreed to by the parties on August 21st 2012 settlement agreement. Thus violating FDCPA by making false or misleading representations in violation of 15 U.S.C. 1692(e) and utilizing an unfair practice prohibited by 15 U.S.C 1692(f).
5. The Defendant placed multiple telephone calls to the Plaintiffs cellular phone from approximately December 15th 2012, thru December 22nd 2012, regarding an alleged past due account with Chase bank. Those calls failed to provide meaningful disclosure of the callers identity, in violation of 15 U.S.C. 1692d(6);
6. The Defendant's dunning letters regarding the Chase account overshadowed the 30 day time period in which to seek verification of the debt in violation of 15 U.S.C. 1692g(b).
7. Telephone discussions by the Defendants debt collector agent's regarding the alleged past due Chase account violated multiple provisions of the FDCPA 15 U.S.C. 1692(b) -15 U.S.C. 1692(f).
8. The Defendant engaged in a deceptive practice of purchasing numbers in every area code and employed a service or technology to spoof their Caller ID, to the Plaintiffs local area code number. Placed calls to the Plaintiff utilizing this service or technology to deceive

the Plaintiff into answering his telephone by creating a false belief of a local call without displaying their company name. This practice violates the FDCPA prohibition of 15 U.S.C. 1692(e).

9. The Defendant failed in subsequent communications to advise that the call was from a debt collector in violation of 15 U.S.C. 1692e(11).

## COUNT TWO
### Ohio Consumer Sales Practices Act Violation

10. The Plaintiff reincorporates the above statements as fully rewritten below.
11. Ohio law provides that any FDCPA violation, is a violation of Ohio's Consumer Sales Practices Act, pursuant to O.R.C 1345.02(A) and 1345.03(A) and Celebrezze v. United research, Inc. (1984), 19 Ohio App.3d 49, 19 OBR 131, 482 N.E.2d 1260.
12. The Defendant placed multiple telephone calls to the Plaintiffs cellular phone from approximately December 15th 2012, thru December 22nd 2012. Those calls failed to provide meaningful disclosure of the callers identity, in violation of 15 U.S.C. 1692d(6); in addition this is a violation of Ohio's Consumer Sales Practices Act. O.R.C 1345.02etseq.
13. On August 21st 2012 entered into a settlement agreement with the Plaintiff regarding a US Bank account placed with their agency. Subsequently in September of 2012 for Experian, October of 2012, and finally June of 2013 on Equifax. US Bank made significant reporting changes to the Plaintiffs credit reports regarding this particular account. These changes on contrary to the written settlement in full agreed to by the parties on August 21st 2012 settlement agreement. Thus violating FDCPA by making false or misleading representations in violation of 15 U.S.C. 1692(e) and utilizing an unfair practice prohibited by 15 U.S.C 1692(f). This is a violation of Ohio's Consumer Sales Practices Act. O.R.C 1345.02etseq.
14. The Defendant's dunning letters regarding the Chase account overshadowed the 30 day time period in which to seek verification of the debt in violation of 15 U.S.C. 1692g(b). This is a violation of Ohio's Consumer Sales Practices Act. O.R.C 1345.02etseq.
15. Telephone discussions by the Defendants debt collector agent's regarding the alleged past due Chase account violated multiple provisions of the FDCPA 15 U.S.C. 1692(b) -15

U.S.C. 1692(f). This is a violation of Ohio's Consumer Sales Practices Act. O.R.C 1345.02etseq.

16. The Defendant engaged in a deceptive practice of purchasing numbers in every area code and employed a service or technology to spoof their Caller ID, to the Plaintiffs local area code number. Placed calls to the Plaintiff utilizing this service or technology to deceive the Plaintiff into answering his telephone by creating a false belief of a local call without displaying their company name. This practice violates the FDCPA prohibition of 15 U.S.C. 1692(e). This is a violation of Ohio's Consumer Sales Practices Act. O.R.C 1345.02etseq.

17. The Defendant failed in subsequent communications to advise that the call was from a debt collector in violation of 15 U.S.C. 1692e(11). This is a violation of Ohio's Consumer Sales Practices Act. O.R.C 1345.02etseq.

18. Ohio law provides that any FDCPA violation, is a violation of Ohio's Consumer Sales Practices Act, pursuant to O.R.C 1345.02(A) and 1345.03(A) and Celebrezze v. United research, Inc. (1984), 19 Ohio App.3d 49, 19 OBR 131, 482 N.E.2d 1260.

## COUNT THREE
### Telephone Consumer Protection Act Violations

19. The Plaintiff reincorporates the above statements as fully rewritten below

20. From December 15th 2012, through December 22nd 2012, the Defendant deployed a telephony system that has the ability to store, and dial numbers automatically with minimal human intervention. The Defendant utilized this system to dial and attempt to contact the Plaintiff' cell phone on multiple occasions. Violating the Telephone Consumer Protection Act 47 U.S.C 227 etseq,.

21. The Defendant placed multiple telephone calls to the Plaintiffs cellular phone from approximately December 15th 2012, thru December 22nd 2012. During a particular call at approximately 7:18pm eastern time on December 17th, 2012, When the Plaintiff answered his cell phone he answered to music playing and a message asking him to hold for an agent, after several minutes a foreign person with a strong accent answered. The

foreign individual then asked me to hold again for a senior collection manager. This call was dialed via an automated dialer, in violation of 47 U.S.C. 227etseq,.

WHEREFORE the Plaintiff prays for relief, and that judgment is entered against the Defendant and in favor of the Plaintiff as follows.

a) That the Plaintiff be awarded statutory damages against the Defendant.
b) The Plaintiff be awarded the expenses of litigation, and if necessary attorney fees if it becomes necessary for the plaintiff to engage one.
c) The Plaintiff be awarded actual damages against the defendant in the amount of $9500.00
d) That the court declares each and every defense raised by the Defendant to be insufficient.
e) An order requiring the major credit bureau's to correct the Plaintiffs credit report in accordance with the August 21st 2012, agreement.
f) The court grants such further relief as is just in the circumstances.

Respectfully Submitted

Jason Thomas
4988 Troy Rd
Springfield, Ohio 45502
937-750-2796

IF NOT DELIVERED IN TEN DAYS RETURN TO:

GUY A FERGUSON
CLARK COUNTY MUNICIPAL COURT
50 E COLUMBIA ST
SPRINGFIELD OH 45502

**CERTIFIED MAIL**

7112 4369 4680 2731 8552

13CVF01806
INTEGRITY FINANCIAL PARTN
REGISTERED AGENT CSC LAWY
50 W BROAD ST STE 1800
COLUMBUS, OH 432150000

Hasler
07/05/2013
US POSTAGE
FIRST-CLASS MAIL
$06.37
ZIP 45502
011D11621659